United States District Court
Southern District of Texas
**ENTERED**
July 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE SALINAS ESTRADA, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00167 |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Joe Estrada (#00835624) is currently incarcerated at the Stiles Unit in Beaumont, Texas.  (D.E. 1).  In his filing, Petitioner challenges issues relating to his confinement at the Stiles Unit.  (D.E. 1).  Specifically, Petitioner alleges he is being falsely imprisoned and he is entitled to release on parole.  He labels his filing as "Petition for Civil Rights Action Underlying Respondents Violations of law & J.S.E. Jr's rights."  (D.E. 1, Page 1).  However, he also titled his filing "Joe Salinas Estrada Junior's Petitioner for redress of His Legal Brief Grievances Upon Petition for Writ of habeas Corpus Ad subjiciendum As Pleaded On His Memorandum of law & Facts For release of False Imprisonment."  (D.E. 1, Page 1).  Therefore, it is unclear whether Mr. Estrada is seeking to file a habeas action or a prisoner civil rights complaint.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  Further, a habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. §§ 1404(a) and 1406(a).

It is clear this Court does not have jurisdiction over Mr. Estrada's case, whether it should be filed as § 1983 prisoner civil rights case or, instead, a habeas action.  None of the events complained of occurred in the Corpus Christi Division of the Southern District of Texas and Mr. Estrada is neither housed nor was he convicted here.  Mr. Estrada's place of incarceration at the time of filing is in the Beaumont Division of the Eastern District of Texas, 28 U.S.C. § 124(c)(2), and he was convicted of indecency with a child and aggravated sexual assault of a child by a court located in Harris County in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2).

Petitioner has recently raised similar issues related to his release in the Eastern District of Texas, where he is incarcerated.  *Estrada, Jr. v. Director TDCJ-CID*, 6:20-cv-168-JDK-KNM (E.D. Tex. July 13, 2022) (Dismissing habeas petition related to his parole eligibility date); *Estrada v. Director TDCJ-CID*, 1:21-cv-548 (E.D. Tex. Dec. 5, 2022) (Same).  Therefore, it is more convenient and would further the interests of justice for this action to be handled in the Beaumont Division of the Eastern District of Texas.  Accordingly, it is **ORDERED** that this case be transferred to the United States District

Court for the Eastern District of Texas, Beaumont Division. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Any future filings shall be made only in the transferred case.

ORDERED on July 3, 2023.

_____
Jason B. Libby
United States Magistrate Judge